IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PEGGY DUNCAN MATHES, ) <br> Administrator of the Estate of ) <br> ROY GLENN HALL, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN GOVERNMENT OF ) <br> NASHVILLE AND DAVIDSON COUNTY, ) <br> TENNESSEE, *et al.*, ) <br> ) <br> Defendants. ) | Case No. 3:10-cv-0496 <br> Judge Trauger |

## MEMORANDUM AND ORDER

Pending before the court is the Motion to Dismiss filed by defendant Davidson County Sheriff's Office (Docket No. 11), to which the plaintiff has filed a response (Docket No. 13.) For the reasons discussed below, the defendant's motion will be granted.

Plaintiff Peggy Mathes is the administrator of the estate of Roy Hall, Jr., who fell fatally ill while he was in custody at a Nashville, Tennessee jail. This 42 U.S.C. § 1983 action concerns the allegedly deficient medical care that Hall received while he was a prisoner. One of the defendants named in the Complaint is the Davidson County Sheriff's Office (the "Sheriff's Office").

The Sheriff's Office has filed a Motion to Dismiss, arguing that it is not an entity capable of being sued under § 1983.[1] (Docket No. 12 at 1-2.) It relies on two Sixth Circuit cases,

---

[1] Section 1983 provides liability against any "person" who, under color of law, violates the plaintiff's constitutional rights. 42 U.S.C. § 1983. "[M]unicipalities and other local government units" are among the "persons" to whom the statute applies. *Monell v. Dep't of Soc.*

*Matthews v. Jones*, 35 F.3d 1046 (6th Cir. 1994), and *Petty v. County of Franklin*, 478 F.3d 341 (6th Cir. 2007). In *Matthews*, the plaintiff sued a police chief in his official capacity. The Sixth Circuit, citing a Kentucky district court case and a Kentucky statute, stated that, "[s]ince the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of [the] complaint." *Matthews*, 35 F.3d at 1049. Similarly, in *Petty*, the court held that the district court had properly dismissed the defendant sheriff's department "because under Ohio law, a county sheriff's office is not a legal entity capable of being sued for purposes of § 1983." *Petty*, 478 F.3d at 347. The Sheriff's Office also points to Nashville's Metropolitan Charter, which establishes the Metropolitan Government of Nashville and Davidson County as a corporate entity which is "capable of suing and being sued" (Docket No. 11, Ex. 1 at 2) but contains no similar provision for the sheriff's department (*id.*, Ex. 2).

The plaintiff argues that *Matthews* and *Petty* are inapplicable here because they involved Kentucky and Ohio law, respectively, not Tennessee law. (Docket No. 13 at 3.) She cites Federal Rule of Civil Procedure 17(b), which provides that, for parties other than individuals or corporations, "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *see also, e.g.*, *Crull v. City of New Braunfels*, 267 Fed. Appx. 338, 341 (5th Cir. 2008) (citing Rule 17 when deciding whether a police department can be sued under § 1983); *Averhart v. City of Chicago*, 114 Fed. Appx. 246, 247 (7th Cir. 2004) (same). It does not appear that the Sixth Circuit has specifically addressed whether a Tennessee

*Servs.*, 436 U.S. 658, 690 (1978).

police department or sheriff's department can be sued under § 1983.[2]

The plaintiff relies primarily on *Kennebrew v. Russell*, 578 F. Supp. 164 (E.D. Tenn. 1983), which held that a Tennessee sheriff's department was a "local governmental unit" subject to a § 1983 claim. *Id.* at 166-67 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). But no subsequent Tennessee district court has adopted this holding,[3] and at least one district court has specifically rejected it. *Boling v. Gibson County*, No. 05-1129, 2005 U.S. Dist. LEXIS 42010, at *5 (W.D. Tenn. Aug. 1, 2005) (citing *Matthews*, 35 F.3d at 1049). Furthermore, two roughly contemporaneous cases reached the opposite conclusion. *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) ("Nothing in *Monell*, supra, purports to change the rule that a municipal police department, in [contrast] to the municipality itself, is not an entity suable under 42 U.S.C. § 1983."); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("While state law makes the sheriff [individually] the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983 and is accordingly DISMISSED.").

It appears that, since *Matthews*, federal district courts in Tennessee have frequently and

---

[2] In *Jones v. Union County*, 296 F.3d 417 (6th Cir. 2002), the Sixth Circuit noted that the lower court dismissed a § 1983 claim against the Union County, Tennessee Sheriff's Department "because under *Matthews v. Jones*, a county sheriff's department could not be sued." *Id.* at 421 (citation omitted). But, because the plaintiff did not appeal that decision, the issue was not before the appellate court. *Id.* at 423.

[3] *Timberlake v. Benton*, 786 F. Supp. 676 (M.D. Tenn. 1992), noted that *Kennebrew* was among several conflicting district court decisions from around the nation regarding whether a police department is a proper party to a § 1983 claim. *Id.* at 682. *Timberlake* held that a drug task force was not capable of being sued because it was "a joint undertaking of several counties and cities." *Id.* at 683.

3

uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit. *See, e.g.*, *CP v. Alcoa Police Dep't*, No.: 3:10-CV-197, 2010 U.S. Dist. LEXIS 67169, at *4 (E.D. Tenn. July 6, 2010) ("[I]t is clear that defendant Alcoa Police Department is not an entity capable of being sued under 42 U.S.C. § 1983."); *Smith v. Tenn. Dep't of Corr.*, No. 3:09mc0107, 2009 U.S. Dist. LEXIS 45598, at *8 (M.D. Tenn. May 27, 2009) (Trauger, J.) ("[S]heriffs' offices and police departments are not bodies politic, and as such are not 'persons' within the meaning of § 1983 . . . ."); *Johnson v. Harris*, No.1:08cv36, 2009 U.S. Dist. LEXIS 8573, at *26 (E.D. Tenn. Feb. 5, 2009) ("[A]gencies such as police departments are not proper defendants in Section 1983 lawsuits."); *Moore v. Chattanooga Police Dep't*, No. 1:08-cv-174, 2008 U.S. Dist. LEXIS 73939, at *9 (E.D. Tenn. Aug. 19, 2008) ("The Chattanooga Police Department is not a municipality but is merely a municipal agency or department of the City of Chattanooga rather than a separate legal entity."); *Pruitt v. Lewis*, No. 06-2867, 2007 U.S. Dist. LEXIS 90387, at *5 (W.D. Tenn. Dec. 6, 2007) ("It is well established that a '[county sheriff's] department is not a legal entity separate from its parent [county].' . . . [I]t is redundant to name a sheriff's department along with the parent county . . . ." (alterations in original)); *Drennon v. A.B.L.*, No. 3:06mc0126, 2006 U.S. Dist. LEXIS 86136, at *7 (M.D. Tenn. Nov. 27, 2006) ("A sheriff's office is not a body politic, and as such, is not a person within the meaning of § 1983."); *Lee v. Knox County Sheriff's Office*, No.: 3:05-CV-571, 2006 U.S. Dist. LEXIS 79945, at *6-7 (E.D. Tenn. Oct. 31, 2006) ("[D]efendant Knox County Sheriff's Department seeks to be dismissed from this lawsuit because it is not an entity capable of being sued. The Court agrees . . . ."); *Obert v. Pyramid*, 381 F. Supp. 2d 723, 725 n.1 (W.D. Tenn. 2005) ("Defendant correctly

4

notes that the Memphis Police Department does not legally exist and is not a proper party to this action. . . . [T]he City of Memphis is properly a Defendant . . . ."); *Boling*, 2005 U.S. Dist. LEXIS 42010; *Alexander v. Beale St. Blues Co.*, 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999) ("The . . . motion to dismiss the Memphis Police Department is well taken, as the City of Memphis represents the real party in interest.").

The plaintiff does not point to any state law that compels a different conclusion. Tennessee statutory law explicitly permits lawsuits against counties, Tenn. Code Ann. § 5-1-105 ("Suits may be maintained against a county for any just claim, as against other corporations."), but there is no analogous provision for sheriff's departments. In fact, state law specifically provides that *counties* may be sued for the actions of sheriff's deputies; it does not mention sheriff's departments, and it does not authorize suits against sheriffs individually.[4] Tenn. Code

---

[4] Some Tennessee state court cases do feature sheriff's departments as named defendants, but most of these cases involve worker's compensation claims. *E.g.*, *Lay v. Scott County Sheriff's Dep't*, 109 S.W.3d 293, 296 (Tenn. 2003); *see also Alcorn v. Coffee County Sheriff's Dep't*, No. M2002-00811-COA-R3-CV, 2002 Tenn. App. LEXIS 643 (Tenn. Ct. App. Sept. 5, 2002) (allowing a prisoner's petition for return of seized property against the defendant sheriff's department to go forward); *Trew v. Haggard*, No. E2001-02183-COA-R3-CV, 2002 Tenn. App. LEXIS 537 (Tenn. Ct. App. July 25, 2002) (affirming judgment for the plaintiff in a breach of contract suit against both the sheriff, individually, and the sheriff's department). None of these cases address whether the sheriff's department was properly named as a party, or, more specifically, whether a sheriff's department may be sued for alleged constitutional violations.

Some cases suggest that a sheriff's department is not a proper party to such a suit. In *Coward v. Blount County*, No. E2000-02378-COA-R3-CV, 2001 Tenn. App. LEXIS 277 (Tenn. Ct. App. Apr. 23, 2001), the plaintiff prisoner alleged negligence against a sheriff's department, and the trial court dismissed the sheriff's department from the suit "because it was not a legal entity which could be sued." *Id.* at *2 n.1. The plaintiff did not appeal that issue, however, so the appellate court did not address it. *Id.* Similarly, in *Calderone v. Chrisman*, No. M2009-00328-COA-R3-CV, 2009 Tenn. App. LEXIS 890 (Tenn. Ct. App. Dec. 29, 2009), the plaintiff asserted a § 1983 claim and sued (1) a sheriff, both individually and in his representative capacity, (2) the sheriff's department, and (3) the county. The trial court "found

5

Ann. § 8-8-302 ("Anyone incurring any [injury caused by] any act or failure to act on the part of any deputy appointed by the sheriff may bring suit *against the county* in which the sheriff serves . . . ."(emphasis added)); *id.* § 8-8-301 ("No sheriff . . . shall be liable for any [injury caused] by any act or failure to act on the part of any deputy . . . ."). The plaintiff cites Tenn. Code Ann. § 8-8-201 for the proposition that the Sheriff's Office, as an entity, has a legal duty to take care of prisoners (Docket No. 13 at 5), but that statute speaks only to the sheriff individually.[5] Tenn. Code Ann. § 8-8-201(a) (defining "*the sheriff's* duty" (emphasis added)); *see also Petty*, 478 F.3d at 347 (distinguishing between a sheriff and a sheriff's office).

In any event, the Metropolitan Government of Nashville and Davidson County is a co-defendant in this case, so the plaintiff has already sued the proper party. The plaintiff concedes that dismissing the Sheriff's Office will have no practical effect on her case. (Docket No. 13 at 6 n.3.)

Accordingly, the Motion to Dismiss filed by the defendant (Docket No. 11) is **GRANTED**, and defendant Davidson County Sheriff's Office is hereby **DISMISSED** from this suit.

---

that [the sheriff] in his official capacity and the sheriff's department were 'superfluous defendants' and dismissed the claims against them." *Id.* at *4. Again, this decision was not appealed. *See also Brashears v. City of Knoxville Police Dep't*, No. 03A01-9809-CV-00298, 1999 Tenn. App. LEXIS 132, at *3 (Tenn. Ct. App. Feb. 25, 1999) ("In order to pursue a claim for his alleged injuries [caused by the police], [the plaintiff] filed suit against the Knoxville Police Department. The Plaintiff filed an amended complaint changing the defendant to the City of Knoxville on May 22, 1997.").

[5] The plaintiff also cites *McMillian v. Monroe County*, 520 U.S. 781 (1997), but that case is inapposite. It held that, in Alabama, sheriffs act as policymakers for the state, not the county, *id.* at 785-93; it did not address whether a sheriff's department is an entity capable of being sued.

6

It is so Ordered.

Entered this 25th day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge